IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN FOX, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) |
| SYNCREON AMERICA, INC. d/b/a | ) HON. |
| SYNCREON WARREN | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |
| | ) |

## COMPLAINT

PLAINTIFF KATHRYN FOX, by and through her attorneys, CARLA D. AIKENS, P.L.C., submit the following Complaint against SYNCREON AMERICA, INC. d/b/a SYNCREON WARREN.

## JURY DEMAND

COMES NOW PLAINTIFF KATHRYN FOX and hereby makes her demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, Plaintiff Kathryn Fox was a resident of Wayne County in the State of Michigan.

2. Defendant Syncreon America, Inc. d/b/a Syncreon Warren, is a domestic for profit corporation, with a continuous and systematic place of business located at 12350 E. 9 Mile Rd., Warren, Michigan 48089, in Macomb County.

3. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

1

4.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5.     Venue is proper in the Eastern District of Michigan because the unlawful employment actions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6.     Plaintiff is an African American woman.

7.     On September 14, 2020, Defendant hired Plaintiff to work for Defendant in the capacity of a Hi-Lo driver.

8.     Plaintiff's starting rate as a Hi-Lo driver was $14.80 per hour.

9.     Plaintiff was scheduled to train for her position under Mike Woods, her supervisor.

10.    Plaintiff worked in an environment of mostly male employees, making her possibly one of the only African American women in her position.

11.    Once "training" commenced, Mike Woods informed Plaintiff that he wanted the "other guys" to go first, and for Plaintiff to go last.

12.    Further, when she was finally given the opportunity to get on the electric Hi-Lo, Woods consistently micromanaged Plaintiff and complained about not wanting to train her.

13.    In addition to Woods complaining about not wanting to train Plaintiff, he said hurtful things to Plaintiff such as, "You are rusty" and "You don't have it anymore."

14. Mike Woods expressed his desire for Plaintiff to "be on the floor" instead of working on the electric Hi-Lo, putting Plaintiff in a position where he would be responsible for her evaluation.

15. On or around September 17, 2020, Mike Woods placed Plaintiff on a list to be an operator, despite her wishes to be an auditor like she had been for 12 years in the past.

16. On that same day, Plaintiff inquired if she would be placed back on the list as a Hi-Lo driver and was told "it was not guaranteed."

17. The starting pay rate for the operator position was $13.60 per hour.

18. On September 28, 2020, Defendant's agent requested that plaintiff stay longer than her scheduled shift of 5am to 1:30pm, to instead leave at 3:30pm.

19. As Plaintiff was unable to accommodate the late request to stay two hours later, Mike Woods informed Plaintiff that her shift was covered and that there was no need for her to stay until 3:30pm.

20. Accordingly, Plaintiff left work under the impression that she was excused for the day and being covered by another employee.

21. On September 29, 2020, a woman named "Morgan" from Human Resources inquired about why Plaintiff left her job the day prior, without providing notice.

22. Upon advising Morgan that Mike informed Plaintiff that she could leave early, Morgan insisted that she had no knowledge that Mike gave Plaintiff permission to leave.

23.     Plaintiff flagged Mike Woods down, who confirmed that he gave Plaintiff permission to leave early.

24.     Despite the information from Mike Woods, Morgan instructed Plaintiff to turn in her badge and instructed Mike Woods to escort her out of the building, and Plaintiff was thereupon terminated.

25.     Plaintiff believed that her termination was due to discrimination on the part of Defendant, as set forth more fully below.

26.     Plaintiff filed a charge with the EEOC on the basis of age and gender, and later discovered facts to support a claim of race discrimination.

27.     The EEOC issued a notice of right to sue letter on November 16, 2021, and this lawsuit followed.

28.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I

**DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")**

29.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

30.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

31.     Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's gender.

32. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

33. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

34. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

35. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

36. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

37. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

38. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

### DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA")

39. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

40. At all material times, Plaintiff was an employee, and Defendant his employer covered by, and within the meaning of the ADEA.

41. Defendant's conduct, as alleged herein, violated the ADEA, which makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

42. Plaintiff was born on December 2, 1964 and is fifty-seven years old, and as a result, is a member of a protected class for the purposes of the ADEA.

43. Plaintiff was being systematically targeted, given different work conditions while younger, less experienced employees were given greater leeway in the terms and conditions of their work.

44. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

45. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

46. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

47. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

48. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

49. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to ELCRA.

50. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

51. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

52. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

53. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

54. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## DISCRIMINATION/HARASSMENT ON THE BASIS OF SEX/GENDER IN VIOLATION OF THE ELCRA

55. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

56. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

57. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's sex or gender.

58. Plaintiff is a woman, and, as a result, is a member of a protected class pursuant to ELCRA.

59. Plaintiff was subjected to communication and conduct on the basis of their status as a member of this protected class including but not limited to being constantly undermined, watched, and criticized, and eventually terminated, unlike their male counterparts.

60. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

61. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

62. Plaintiff has been damaged by Defendant in an amount to be proven at trial.

63. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V

### DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF ELCRA

64. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

65. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

66. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's age.

67. Plaintiff is over the age of 50, and, as a result, is a member of a protected class pursuant to ELCRA.

68. Plaintiff was subjected to communication and conduct on the basis of their status as a member of this protected class including but not limited to being constantly undermined, watched, and criticized, and eventually terminated, unlike her younger counterparts.

69. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

70. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered

mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

71. Plaintiff has been damaged by Defendant in an amount to be proven at trial.

72. Plaintiff requests relief as described in the Prayer for Relief below.

## **RELIEF REQUESTED**

PLAINTIFF, KATHRYN FOX, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory and pecuniary damages in whatever amount to which Plaintiff is entitled;

2. Exemplary and/or punitive damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: February 14, 2022

                                                Respectfully Submitted,

                                                /s/Carla D. Aikens
                                                Carla D. Aikens (P69530)
                                                CARLA D. AIKENS, P.L.C.
                                                *Attorneys for Plaintiff*
                                                615 Griswold Ste. 709
                                                Detroit, MI 48226
                                                carla@aikenslawfirm.com